COMMONWEALTH *vs.* PHILIP BOYAJIAN.

No. 06-P-246.

Middlesex. February 13, 2007. - May 9, 2007.

Present: RAPOZA, C.J., CYPHER, & COWIN, JJ.

*Practice, Criminal,* Argument by prosecutor. *Motor Vehicle,* Operating under the influence.

At the trial of charges of operating a motor vehicle while under the influence of alcohol in violation of G. L. c. 90, § 24, the prosecutor's opening state-ment and closing argument did not independently or cumulatively create a substantial risk of a miscarriage of justice by remarking on public safety [867-870], nor was there any impropriety in the prosecutor's pointing out that there was no evidence introduced at trial of extraneous factors alleg-edly impairing the defendant's driving and condition [870-871].

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on May 28, 2004.

The case was tried before *Brian R. Merrick*, J.

*Adriana Contartese* for the defendant.

*Kimberly A. Rugo*, Assistant District Attorney, for the Commonwealth.

CYPHER, J. A jury convicted the defendant, Philip Boyajian, of operating a motor vehicle while under the influence of alcohol. G. L. c. 90, § 24. The defendant appeals, arguing that the prosecutor's opening statement and closing argument improperly relied on a public safety theme and that "public safety" evidence was improperly admitted. We affirm.

*Background.* The Commonwealth's evidence was as follows. On May 27, 2004, some time after 6:00 P.M., Belmont police Officer James Gallo observed a car being driven in front of him on Belmont Street cross the center line and travel the wrong side of the road. Gallo was off duty and driving his personal vehicle, but was in uniform. He continued to watch the car as it

returned to the proper lane while slowing and accelerating. Gallo followed the car as it turned right onto Alma Street, drove part way down the street, and came to a complete stop in the roadway in front of 26 Alma Street.

Officer Gallo stopped and approached the driver. He saw the defendant sitting in the driver's seat with his head and eyes drooping down. The defendant slowly looked up at the officer. Officer Gallo asked the defendant to roll down his window. The defendant complied, and Officer Gallo detected an odor of alcohol coming from inside the defendant's car.

Officer Gallo asked the defendant if he was all right. The defendant was slow to respond. The defendant told Gallo that he had had a few drinks. The defendant's responses continued to be very slow.

Officer Gallo called for back-up and continued to speak with the defendant. Gallo noticed that the defendant's speech was slurred and that his eyes were bloodshot and heavy. Gallo asked the defendant to leave the car, but the defendant said that he was not going to get out. The back-up officers arrived and asked the defendant to get out of the car. The defendant was unsteady on his feet, belligerent, and incoherent. Officer Loren Ehler observed that the defendant's eyes were half-closed.

Officer Gallo arrested the defendant, and the defendant was transported to the Belmont police department for booking. Gallo detected an even stronger odor of alcohol coming from the defendant. During booking, the defendant was uncooperative and belligerent.

The defense did not call any witnesses but tried to establish through cross-examination that the defendant was not too intoxicated to drive. Defense counsel argued in closing that the defendant's poor driving was a result of various road and lighting conditions and that his droopy, bloodshot eyes, slurred speech, unsteadiness, and belligerence could have been caused by other circumstances, such as fatigue or allergies.

*Discussion.* The defendant argues that the prosecutor improperly focused on a "public safety theme" in the opening statement and closing argument and as a result preyed on the jury's sympathy and confused them. The defendant did not object during the opening or the closing argument, but he did

object to the prosecutor's "public safety theme" after the jury retired to deliberate.[1] This is insufficient to preserve the error. *Commonwealth* v. *Johnson*, 374 Mass. 453, 458 (1978). "It is the general rule in trials of both criminal and civil causes that where an improper argument is addressed to a jury the attention of the judge should be called to it at once." *Commonwealth* v. *Richmond*, 207 Mass. 240, 250 (1911). As the Supreme Judicial Court stated in *Commonwealth* v. *Johnson*, *supra*, it is not necessary for counsel to "immediately interrupt the argument of opposing counsel with an objection and a request for a curative instruction on each occasion when [counsel] believes that the argument is improper. It is usually sufficient, depending on the circumstances of the particular situation, if the matter is called to the judge's attention at the end of the attorney's argument." There was no timely objection here, and our review therefore is limited to whether, if there was error, the statements created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Croken*, 432 Mass. 266, 267-268 (2000); *Commonwealth* v. *Bonds*, 445 Mass. 821, 836 (2006). The defendant challenges four remarks made during the opening. Specifically, in the opening, the prosecutor referred to Officer Gallo as having a "public safety concern [because] the operator of this vehicle could not drive it safely." The prosecutor further described Gallo as being "concerned for the public safety and need[ing] to get the car off the road." The prosecutor also remarked that Gallo "was actually as concerned with the defendant's health as everyone else's who's on the road." Finally, the prosecutor stated, "[Y]ou'll also hear about the officers' experience. How many times they've . . . dealt with this . . . . [H]ow much experience they have in dealing with . . . individuals who . . . are either very much under the influence of alcohol . . . or are under the influence of something else or for another reason — for whatever reason are driving . . . unsafely."

---

[1]In support of his claim that he made a timely objection, the defendant relies on a sidebar conference following closing arguments. The sidebar conference was not transcribed. The defendant, as the appellant, had the burden to provide an adequate record for review. See *Commonwealth* v. *McCormick*, 48 Mass. App. Ct. 106, 108 n.3 (1999). The defendant should have moved, under the procedures available in Mass.R.A.P. 8, as amended, 437 Mass. 1602 (2002), to reconstruct the record in order to establish that he had objected or requested curative instructions.

The opening remarks "must be judged in light of the entire [statement], the judge's instructions to the jury, and the evidence actually introduced at trial." *Commonwealth* v. *Jones*, 439 Mass. 249, 260-261 (2003), quoting from *Commonwealth* v. *Thomas*, 429 Mass. 146, 158 (1999). The prosecutor's opening was brief and consisted of a summary of the evidence he expected to adduce at trial. In addition to the comments complained of by the defendant, the prosecutor also described the defendant's driving, intoxicated appearance, and demeanor, and his admission that he had been drinking. Before the opening statements, the judge instructed the jury that opening statements were not evidence. For the reasons stated *infra*, regarding the closing argument, there was no error in the opening statement due to references to public safety. Even if there were, the remarks, when viewed in context and in light of the judge's instructions, did not create a substantial risk of a miscarriage of justice.

The defendant challenges similar portions of the prosecutor's closing argument. To determine whether an alleged error in closing argument created a substantial risk of a miscarriage of justice, we consider whether the defendant objected; whether the judge's instructions mitigated the error, if any; whether the remarks went to the heart of the matter or touched upon only a collateral issue; and whether the remarks possibly made a difference in the jury's conclusions. *Commonwealth* v. *Kozec*, 399 Mass. 514, 518 (1987).

The prosecutor did not argue that the jury should find the defendant guilty because there was a need to secure public safety. The prosecutor mentioned in his argument that the arresting officer, although off duty, felt an obligation to stop the defendant because of public safety. The comments were not improper but, rather, a simple marshalling of the evidence. See *Commonwealth* v. *Dinkins*, 415 Mass. 715, 725 (1993).

In fact, the judge's instructions to the jury emphasized that the purpose of the operating while under the influence statute is to protect the public. On this point, the judge instructed the jury in accordance with the following model instruction: "The purpose of the statute is to protect the public from any driver whose alertness, judgment and ability to respond promptly have been lessened by alcohol." Model Jury Instructions for Use in the District Court, Instruction 5.10 (1997).

Furthermore, evidence of unsafe driving is relevant to proving a charge of operating a motor vehicle while under the influence. See *Commonwealth* v. *Bryer*, 398 Mass. 9, 16-17 (1986). The defendant parses the prosecutor's comments too finely. When read in context, no risk appears that the jurors were swept beyond a rational examination of the evidence by the closing argument, alone or in combination with the opening statement.[2]

Additionally, the defendant argues that the opening statement, the closing argument, and the testimony of the officer regarding his public safety concerns had a cumulative effect that unfairly prejudiced the defendant. It is unclear from the defendant's brief whether he is making a claim independent of the opening statement and closing argument that the testimony was inadmissible. The defendant raised only general objections to two of Gallo's responses on direct examination.[3] The defendant did not object to all such testimony and did not request a limiting instruction.

Even if the prosecutor's opening statement and closing argument, viewed in context of the evidence now complained of, constituted overreaching, in light of the strong evidence at trial and the judge's final instructions, there was no cumulative effect creating a substantial risk of a miscarriage of justice.

The defendant also argues that the prosecutor improperly

---

[2]The defendant also argues that curative instructions should have been given. The defendant did not request any such instructions. As we do not think that the arguments were in error, there was no error in failing to give a curative instruction. Here, the standard instructions given, that the jury were to give "fair consideration [to] the evidence" and to be "fair and impartial," and that arguments are not evidence, were sufficient to properly guide the jury.

[3]In the first instance, the defendant objected to Gallo's answer to a question from the prosecutor whether Gallo's training had taught him that slowing and starting a vehicle could indicate that someone was driving under the influence of alcohol. Gallo responded: "Absolutely it could be an indicator someone's driving under the influence . . . . [I]t could be an indicator of . . . a medical problem of some sort." The defendant's objection was overruled.

In the second instance, the defendant objected to Gallo's explanation of why he took the defendant's keys: "[I]f he wanted to put that vehicle in gear and continue to drive — I've been involved in some very serious situations where people continue to drive, and it could be . . . very tragic after that." The judge instructed Gallo: "Just tell us what you did, officer."

commented on the defendant's failure to produce evidence. The remarks complained of concerned the prosecutor's response to arguments raised by the defendant in closing. Specifically, the defense attorney argued that allergies and bad knees, road conditions, traffic, and sunlight could have been responsible for the defendant's driving and condition. The prosecutor merely pointed out that there was no evidence of these conditions at trial. The remarks were directed to a general weakness of the defense rather than toward a defendant's failure to testify. Such argument is proper. See *Commonwealth* v. *Melanson*, 53 Mass. App. Ct. 576, 583 (2002).

We have reviewed the defendant's remaining challenges to the prosecutor's closing argument and have concluded that there was no error.

*Judgment affirmed.*